UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01479-RGK-JC | Date | December 7, 2021 |
|---|---|---|---|
| Title | *Kibbey v. Kibbey* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Jennifer Graciano (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** **(IN CHAMBERS) Order Re: Defendant's Motion to Remand to Arizona Probate Court (DE 57) and Plaintiff's Motion to Remove Successor Trustee (DE 62)**

## I.  INTRODUCTION

This case involves a trust dispute between two brothers, Plaintiff Timothy John Kibbey ("Plaintiff") and Defendant James Andrew Kibbey ("Defendant"). Defendant is the Successor Trustee ("Trustee") of the Kibbey Family Trust ("Trust") and Plaintiff brings this action against him both in his individual capacity and in his capacity as successor Trustee of the Trust. On February 18, 2021, Plaintiff filed a complaint seeking removal of Defendant as Trustee and to compel an accounting of the Trust. (ECF No. 1.) Plaintiff's complaint also included claims against the Trustee individually for breach of fiduciary duties, a request for surcharge for breach of trustee and fiduciary duties, elder/disabled person financial abuse, embezzlement, and negligence. On April 19, 2021, Plaintiff filed a First Amended Complaint ("FAC") for the same causes of action. (ECF No. 22.)

Presently before the Court are Defendant's Motion to Remand to the Arizona Probate Court and Plaintiff's Motion to Immediately Remove Successor Trustee, or in the Alternative, to Freeze Defendant's Ability to Spend Trust Monies Without Court Approval. For the following reasons, the Court **DISMISSES** Plaintiff's lawsuit in its entirety without prejudice and **DENIES** as moot Plaintiff's Motion to Remove Successor Trustee.

## II.  FACTUAL BACKGROUND

The following facts are taken from Plaintiff's FAC unless otherwise noted:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01479-RGK-JC | Date | December 7, 2021 |
|---|---|---|---|
| Title | ***Kibbey v. Kibbey*** | | |

The Kibbey Family Trust, dated October 19, 1992, named Plaintiff's parents as co-trustees. Plaintiff, Defendant, and their two other siblings are equal 25% beneficiaries of the Trust.[1] The Trust was administered in the State of California. On the death of Plaintiff's father, Plaintiff's mother administered the Trust as the sole Trustee until she was declared mentally incompetent in June of 2020, at which point Defendant assumed the position of successor Trustee. Plaintiff's mother died on September 20, 2020, and Defendant relocated to Arizona the following month.

When Defendant assumed his role as Trustee, the Trust's assets consisted of two bank accounts and an investment account containing approximately $320,000. Plaintiff alleges that Defendant misappropriated and embezzled monies held by the Trust. For example, Plaintiff alleges that Defendant used thousands of dollars of Trust funds for his personal needs and living expenses, including the purchase of a property and improvements made thereto. Plaintiff also alleges that Defendant has failed to make required distributions to other beneficiaries, provide them with an accounting, or file tax returns. Meanwhile he has made distributions to himself of at least $190,042.02. Plaintiff further alleges that because their mother was elderly and infirm during the first few months of Defendant's ongoing actions, and Plaintiff himself was considered an elder and a dependent adult, that Defendant's behavior constitutes elder abuse, financial abuse, and breach of fiduciary duty. On October 21, 2021, Defendant filed an accounting for the Trust in the Arizona Superior Court. (Opp'n. to Mtn. to Remand at 7, ECF No. 62.)

Plaintiff seeks to have Defendant removed as Trustee and to have himself appointed in Defendant's place. He also seeks turnover of the Trust's assets and documents, and to have Defendant surcharged for his breaches of fiduciary duties in an amount equal to double what he removed from the trust, totaling $380,084.04. Plaintiff further seeks an order finding that Defendant was guilty of fraud and that he breached his fiduciary duty by embezzling funds, causing damage to Plaintiff and the other beneficiaries. Finally, Plaintiff seeks attorneys' fees, punitive damages, and damages for pain and suffering.

### III.  JUDICIAL STANDARD

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000.

### IV.  DISCUSSION

#### A.  Motion to Remand

---

[1] One of the four beneficiaries is now also deceased, and his 25% interest passed to his two sons.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01479-RGK-JC | Date | December 7, 2021 |
|---|---|---|---|
| Title | ***Kibbey v. Kibbey*** | | |

Defendant asks the Court to remand this case to the Arizona Probate Court. Plaintiff brought this case in federal court under a theory of diversity jurisdiction, as Plaintiff resides in California and Defendant resides in Arizona and the amount in controversy exceeds the statutory minimum of $75,000. (FAC at 2–4; Answer to FAC at 11–12, 16, ECF No. 51.) Defendant argues that remand to a state probate court is proper under the "probate exception" to federal jurisdiction:

> [T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006).

Defendant argues that, because this case involves the administration of a decedent's estate, the probate exception applies. The Court agrees.

Plaintiff's First Amended Complaint includes claims against Defendant for (1) breach of fiduciary duties; (2) request for surcharge for breach of trustee and fiduciary duties; (3) elder/disabled person financial abuse; (4) embezzlement; and (5) negligence. Plaintiff seeks removal of the Trustee and appointment of himself as the Trustee, to compel an accounting of the Trust, turnover of the Trust's assets, monetary surcharges, punitive damages, and attorneys' fees. He also seeks an order finding that Defendant committed financial abuse, that Defendant was guilty of fraud and malice, and that Defendant negligently breached his duty as Trustee by embezzling Trust funds, thereby damaging Plaintiff and the other beneficiaries. (FAC at 17–18.)

Although several of Plaintiff's claims are tort claims, they all arise out of Defendant's alleged actions as successor Trustee. Therefore, resolution of Plaintiff's claims necessarily involves the "administration of a decedent's estate" because it would include a determination as to whether the current Trustee is fit to serve in his role as well as other administrative directives. *See Morin v. Blevins*, Case No. CV F 07-1061 AWI NEW (TAG), 2007 WL 4557108, at *3 (E.D. Cal. Dec. 21, 2007) (declining jurisdiction over a trust-related matter because "the power to compel an accounting lie[s] at the heart of the probate court's jurisdiction over the administration of trusts.").

Additionally, as Defendant argues, the state probate court has exclusive jurisdiction over certain pertinent probate-related matters under California Probate Code Sections 17000 and 17200. Section 17000(a) confers exclusive jurisdiction of "proceedings concerning the internal affairs of trusts" to the superior court, and Section 17200(b) defines "internal affairs" as including proceedings for settling accounts and providing an accounting to the beneficiaries, removing a trustee, and/or compelling redress

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01479-RGK-JC | Date | December 7, 2021 |
|---|---|---|---|
| Title | *Kibbey v. Kibbey* | | |

of a breach of the trust. *See* Cal. Prob. Code § 17200(b). The desired relief in this matter involves a change in trustee, an accounting of the Trust, and the redress of a breach of the trust by way of financial compensation. As resolution of Plaintiff's tort claims directly impacts the relief he seeks, this matter clearly falls within the purview of the state probate court. *See Solomon v. Ling*, Case No. 16-cv-08216-RGK-SS, 2017 WL 8109984, at *3 (C.D. Cal. April 27, 2017) (holding that, under Cal. Prob. Code 17200(b), this Court did not have jurisdiction over a tortious breach of trustee duty claim because the matter related to the internal affairs of a trust).

Therefore, because this case involves the internal affairs of a trust, and the requested relief would require the administration of a decedent's estate, the probate exception applies and this Court lacks jurisdiction. Because this action was originally filed in the federal district court, remand is improper. *See* 28 U.S.C. § 1447 (establishing procedures for remanding cases that were *removed from a state court*) (emphasis added); *see also Harbord v. Bean*, Case No. C17-349RSL, 2017 WL 2081072, at *1 (W.D. Washington, May 15, 2017), aff'd, No. 17-35498, 2017 WL 6345784 (9th Cir. Oct. 12, 2017) ("[T]his Court lacks the authority to remand a case that originated in federal court."). Accordingly, the Court **DISMISSES** Plaintiff's case for lack of subject matter jurisdiction. Because the resolution of this matter is not based upon a successful remand but rather is the result of a statutorily required dismissal, Defendant's request for attorneys' fees under the removal statute is **DENIED**.

    **B.**    **Motion to Remove Successor Trustee**

As the Court has determined that it does not have subject matter jurisdiction over Plaintiff's claim, Plaintiff's Motion to Remove Defendant as Trustee, or in the Alternative, to Freeze Defendant's Ability to Spend Trust Funds Without Court Permission is **DENIED** as moot.

**V.**    **CONCLUSION**

For the reasons set forth above, Plaintiff's case is **DISMISSED** for lack of subject matter jurisdiction, Defendant's request for attorneys' fees is **DENIED**, and Plaintiff's Motion to Remove Defendant as Trustee is **DENIED** as moot.

    **IT IS SO ORDERED.**

                                                                                                                                                                        :

Initials of Preparer